IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOMENTIVE SPEC. CHEM., INC., et al., | Case No. 2:11-cv-00583 |
| Plaintiffs, | |
| v. | Judge Sargus |
| CHARTIS SPEC. INS. CO., et al., | |
| Defendants. | Magistrate Judge Preston Deavers |

DEFENDANT AON RISK SERVICES NORTHEAST, INC.'S
MOTION TO DISMISS

OR, IN THE ALTERNATIVE,

FOR SEVERANCE AND STAY

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Aon Risk Services Northeast, Inc. ("Aon") here moves to dismiss each of the three claims Plaintiffs purport to state against Aon. Plaintiffs' negligence claim against Aon fails because it is barred by Ohio's economic loss doctrine. With respect to Plaintiffs' breach of contract claim, the Complaint's allegations are wholly insufficient to satisfy the most basic pleading requirements. Finally, Plaintiffs' declaratory judgment claim is inadequately pled and seeks relief identical to that which Plaintiffs request with their direct claims. Each of Plaintiffs' claims against Aon should, therefore, be dismissed.

In the alternative and pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, any claims against Aon that are not dismissed should be severed and stayed. By Plaintiffs' admission, the claims against Aon wholly depend on the underlying coverage dispute against Chartis that, when determined, could moot the Aon claims in their entirety. Severance and a stay

of such claims would allow the Court to dispose of all matters in this case in a way that both advances judicial efficiency and is fair to the parties.

  A supporting memorandum is attached hereto.

| Of counsel: | Respectfully submitted, |
|---|---|
|  | s/ James E. Arnold |
| James E. Arnold & Associates, LPA | James E. Arnold (0037712) |
| 115 West Main Street, 4th Floor | Trial Attorney for Defendant Aon |
| Columbus, Ohio 43215 | 115 West Main Street, 4th Floor |
| Telephone: (614) 460-1600 | Columbus, Ohio 43215 |
| Telefax: (614) 469-1066 | Telephone: (614) 460-1600 |
|  | Telefax: (614) 469-1066 |
| Matthew J. Burkhart (0068299) | jarnold@arnlaw.com |
| James E. Arnold & Associates, LPA |  |
| 115 West Main Street, 4th Floor |  |
| Columbus, Ohio 43215 |  |
| Telephone: (614) 460-1637 |  |
| Telefax: (614) 469-1129 |  |
| mburkhart@arnlaw.com |  |

Timothy J. P. Rooney (pro hac vice)
Norman K. Beck (pro hac vice)
Linda T. Coberly (pro hac vice)
Kevin P. McCormick (pro hac vice)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5972
Telefax: (312) 558-5700
trooney@winston.com
nbeck@winston.com
lcoberly@winston.com
kmccormick@winston.com

## **MEMORANDUM IN SUPPORT**

### **INTRODUCTION**

This case is ultimately a coverage dispute between an insured and its insurer. Plaintiffs allege that they were exposed to potential liability when a tanker ship, carrying chemicals purchased by Plaintiffs, exploded and sank, causing a spill of chemicals and fuel oil. When a dispute arose about insurance coverage, Plaintiffs filed this suit against their insurer, Chartis Specialty Insurance Company ("Chartis"). Plaintiffs also interjected claims against their insurance *brokers*, including Defendant Aon. But Plaintiffs' Complaint fails to state a claim against Aon, and the claims should be dismissed outright—or, at a minimum, severed from the coverage dispute and stayed.

Plaintiffs brought three claims against Aon: (1) a claim for common-law negligence; (2) a claim for breach of contract; and (3) a claim seeking a declaratory judgment. Plaintiffs' negligence claim against Aon fails because, on the face of the Complaint, it is barred under Ohio's economic loss doctrine. Plaintiffs admit that their relationship with Aon was governed by a contract. Under Ohio law, Plaintiffs cannot proceed with a duplicative tort claim seeking purely economic damages.

As for Plaintiffs' breach of contract and declaratory judgment claims, Plaintiffs failed to make factual allegations sufficient to plead these causes of action. With respect to breach of contract, the Complaint does not allege even the most basic facts about the contract, such as when it was formed, what it contained, or anything else outside of broad generalities. Further, it does not allege facts sufficient to push any claim of "breach" over the line of plausibility.

3

In Plaintiffs' declaratory judgment claim, Plaintiffs demand only that the Court "determin[e] the parties' rights, duties and obligations." Compl. ¶ 135. Such allegations are insufficient to put Aon on notice of the nature of the declaratory judgment claim. Additionally, to the extent that Plaintiffs are merely seeking a declaration that they are entitled to the *exact* relief that they are simultaneously requesting in their direct claims, the Court in its discretion should decline to entertain such a claim because it is duplicative and unnecessary.

Finally, at a minimum, under Federal Rule of Civil Procedure 42(b), this Court should exercise its discretion to sever any claims against Aon that are not otherwise dismissed and stay any proceedings on those claims pending the resolution of the primary coverage litigation. Severance and a stay of such claims would allow the Court to dispose of all matters in this case in a way that both advances judicial efficiency and is fair to the parties.

## BACKGROUND ALLEGATIONS[1]

*The Accident and Ensuing Lawsuits.* On November 6, 2004, an explosion occurred on board a Chilean chemical tanker while it was docked at a port in Brazil, and the tanker sank. Compl. ¶ 42. The tanker carried approximately 15,000 tons of a chemical called methanol, some of which had been purchased by and was scheduled to be delivered to Plaintiff Momentive Química do Brasil LTDA ("Momentive Química"). *Id.* ¶ 43. As a result of the accident, methanol and fuel oil leaked into the nearby bay. *Id.* ¶ 45. Three separate types of claims have been brought in Brazil against Momentive Química relating to the accident.

First, more than 3,000 local fishermen filed individual claims against a number of entities, including Momentive Química, for lost revenue and environmental property damage

---

[1] Background facts set forth herein are taken from the allegations in the Complaint and are not specifically admitted or denied by Aon.

4

resulting from the accident.  *Id.* ¶ 47.  According to Plaintiffs' Complaint, "thousands" of these claims remain pending.  *Id.* ¶ 51.  There are no allegations in the Complaint suggesting that Momentive Química has, as of yet, been found liable or otherwise been required to pay for damages as a result of these claims.  *Id.* ¶ 51.

Second, in November 2007, a Brazilian environmental protection group filed a class action lawsuit on behalf of local residents, seeking costs for the cleanup and recovery of the affected area.  The suit was brought against several entities, including Momentive Química.  *Id.* ¶¶ 52-53.  This action is still pending and, while Momentive Química remains a named defendant, an appeals court has ruled that Momentive Química and the other purchasers of Methanol on board the tanker could only be held liable for damages that occurred *after* the methanol was delivered to them.  *Id.* ¶¶ 55-57, 59.

Finally, in August 2005, a state environmental agency issued notice of a fine against Momentive Química in an amount equivalent to $7.8 million USD.  *Id.* ¶ 60.  Momentive Química appealed the fine, and that litigation is also still pending.  *Id.* ¶¶ 61, 65.

*Plaintiffs' Insurance Policies.*  At the time of the accident in November 2004, Plaintiffs were insured under several policies covering the period between 2004 and 2005 ("2004-2005 Policy") that were procured through Plaintiffs' insurance broker, Defendant Willis North America, Inc. ("Willis").  *Id.* ¶ 8.  At the time, Momentive was in a transition and had agreed that Aon would act as its future insurance broker and would assist Momentive in acquiring prospective insurance policies for the period beginning in 2005.  *Id.* ¶ 24.  Aon assisted Momentive in placing the pollution liability insurance policy with Chartis (then called AIG) covering the period between 2005 and 2010 ("2005-2010 Policy").  *Id.* ¶¶ 10, 32.  This policy,

5

which covered claims made against Momentive worldwide, went into effect in July 2005—approximately eight months after the accident. *Id.* ¶ 36.

*Procedural Posture of this Litigation*. On April 25, 2011, Chartis brought a declaratory judgment action against Plaintiffs in the Southern District of New York seeking a declaration that there is no coverage under the 2005-2010 Policy for any claims brought based on liability resulting from the accident. *Id*. ¶ 98 ("New York Action"). Plaintiffs, contending that the New York Action was "improperly filed" by Chartis, responded by filing this case for declaratory relief (Count One) and breach of contract by Chartis (Count Two). *Id*. ¶¶ 98, 100-110. Plaintiffs have asked the Court for a finding that all three types of claims brought against Momentive Química as a result of the accident fall within the scope of coverage under the 2005-2010 Policy. *Id.* ¶ 92. Plaintiffs have also asserted claims for declaratory judgment, breach of contract, and negligence against both Willis (Counts Three, Four, and Five) and Aon (Counts Six, Seven, and Eight). Plaintiffs claim that if no insurance coverage exists and if they do not prevail on Counts One and Two, and if the reason there is no coverage arises from a breach of a duty that one or both of their insurance brokers undertook (such as an alleged duty to notify the insurer of potential claims), then Willis and/or Aon ought to be liable for the amounts that would have been paid by Chartis.

**ARGUMENT**

**I.      Motion to Dismiss**

Aon brings this motion to dismiss under Rule 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

6

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Se. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671 (6th Cir. 2006). That is, "the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005). The Court is not required to accept as true any unwarranted factual inferences or legal conclusions. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

After disregarding any legal conclusions or unwarranted factual assertions, the Court must determine whether the complaint "state[s] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed. R. Civ. P. 8(a)(2)." *Shaw v. Total Image Specialists, Inc.*, No. 2:07-cv-717, 2010 WL 1390470, at *2 (S.D. Ohio Apr. 1, 2010).[2] As discussed below, Plaintiffs' Complaint fails to satisfy these pleading standards.

> **A.  The Ohio Economic Loss Doctrine bars Plaintiffs' negligence claim as a matter of law.**

It is well-established under Ohio law that tort actions to recover purely economic injuries are barred under the economic loss doctrine. According to the Ohio Supreme Court, "[t]he economic-loss rule generally prevents recovery in tort of damages for purely economic loss." *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 835 N.E.2d 701, 703 (Ohio 2005); *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 630 (Ohio 1989) ("[T]he well-

---

[2] Cases with Westlaw citations are attached hereto at Exhibit A.

established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.") (quotation omitted).  As the Sixth Circuit has explained: "Ohio law prevents the recovery of purely economic losses in a negligence action . . . where recovery of such damages is not based upon a tort duty independent of contractually created duties." *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006) (internal citations omitted).  That is because "[t]ort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. . . .  That type of compensation . . . remains the particular province of the law of contracts."  *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 560 N.E.2d 206, 211 (Ohio 1990).

Numerous state and federal courts in Ohio, including the Sixth Circuit and this very Court, have held that the Ohio economic loss doctrine bars negligence claims against insurance brokers for allegedly lost insurance proceeds—the exact claim brought by Plaintiffs against Aon in Count Eight.  In *Long v. Time Ins. Co.*, 572 F. Supp. 2d 907 (S.D. Ohio 2008) (Sargus, J.), an insured sued his insurance carrier claiming that, based on alleged negligence of the carrier in its capacity as agent or broker for the policy, the insured was deprived of adequate insurance to pay his medical bills.  *Id.* at 910.  On summary judgment,[3] the defendant argued that the negligence claim was barred by the economic loss doctrine since the only alleged loss was unpaid medical expenses allegedly incurred due to a lack of coverage.  *Id.* at 911.  The Court agreed, holding that this was the precise type of claim that "'numerous courts have held . . . do not survive the

---

[3] The fact that the issue came before the Court on summary judgment is due simply to the fact that this was the first time the argument was raised by Defendants.  The Court's discussion of the issue was devoted to the legal sufficiency of the claim on its face, and the primary case relied upon by the Court—*J.F. Meskill Enters., LLC v. Acuity*, No. 05-CV-2955, 2006 WL 903207 (N.D. Ohio Apr. 7, 2006)—dismissed a similar claim based on a Rule 12 motion.  *Id.* at *4.

8

economic loss doctrine.'"  *Id.* at 912 (quoting *Meskill*, 2006 WL 903207, at *5); *accord Potts v. Safeco Ins. Co.*, No. 2009-CA-0083, 2010 WL 1839738, at *3 (Ohio App. 5th Dist. May 10, 2010) (relying on *Long* and stating that "ending up with an insufficient insurance policy cannot be considered personal injury or property damage and must, therefore, be characterized as an economic loss").

In a very similar action addressed by the Sixth Circuit, the Court held that negligence claims against insurance brokers were unsustainable due to the fact that the relief sought—lost insurance proceeds—was purely economic loss not "'legally cognizable or compensable'" in a claim for negligence under Ohio law.  *All Erection & Crane Rental Corp. v. Acordia Nw., Inc.*, 162 F. App'x 554, 559 (6th Cir. 2006) (unpublished) (quoting *Chemtrol*, 537 N.E.2d at 630); *see also Mafcote, Inc. v. Genatt Assocs., Inc.*, No. 04 CV 853, 2007 WL 527870, at *6-7 (S.D. Ohio Feb. 14, 2007) (recognizing that a negligence claim against an insurance broker for failing to procure insurance coverage was barred by the Ohio economic loss doctrine); *Meskill*, 2006 WL 903207, at *5 (same).

Applying these legal principles to the instant action, it is clear that Plaintiffs have no cognizable claim against Aon for negligence.  Plaintiffs' Complaint alleges that Aon's duties to Momentive as its insurance broker were "reduced to writing" in the "Aon Agreement."  Compl. ¶ 25.  Plaintiffs allege Aon failed to perform certain duties it undertook in the Aon Agreement and that this failure also constituted negligence.  *Id*. ¶¶ 139, 142, 152-53.  Thus, subject to the economic loss principles discussed above, Plaintiffs' loss must be recovered—if at all—in contract rather than tort.  Accordingly, Count Eight should be dismissed with prejudice.

### B. Plaintiffs have failed to plead sufficient detail to place Aon on notice of a breach of contract claim.

As discussed above, "'naked assertions' devoid of 'further factual enhancement'" do not suffice to state a claim under federal pleading standards. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557)). Nevertheless, that is exactly what Plaintiffs have offered in support of their breach of contract claim in Count Seven. Plaintiffs allege vaguely that they entered into an "Aon Agreement" with Aon, but they fail to provide even basic details such as when (outside of a general timeframe) the agreement went into effect; what instrument or instruments such an agreement was memorialized under; or which precise terms of that Agreement have been breached. Plaintiffs also failed to make any allegations that they performed all of *their own* obligations under the alleged agreement, including any such obligations that may have been necessary to trigger corresponding duties on the part of Aon. *Doner v. Snapp*, 98 Ohio App. 3d 597, 600-01 (2d Dist. 1994) (identifying "performance by the plaintiff" as something that must be established to prevail on a breach of contract claim under Ohio law). Without more detailed allegations, Aon is not on notice of the nature of the claim against it. *See Rachells v. Cingular Wireless*, 483 F. Supp. 2d 583, 590 (N.D. Ohio 2007) (finding that the complaint failed to allege sufficient detail about the contract to satisfy the notice pleading standard); *Carpenter v. Kaiser Found. Health Plan of Ohio, Inc.*, No. 04CV1689, 2005 WL 1123611, at *4 (N.D. Ohio May 11, 2005) (same); *Wright v. Dunn*, No. 06-12289, 2007 WL 2004650, at *7 (E.D. Mich. July 6, 2007) (finding that because the plaintiff's complaint was "devoid of any facts stating the subject matter of the contract, the parties, or the terms," dismissal under Rule 12(b)(6) was warranted). On this basis, Count Seven should be dismissed.

> **C.    Plaintiffs have failed to state a cognizable declaratory judgment claim, and the Court should decline to address this claim in any event, as it is duplicative.**

Plaintiffs' declaratory judgment claim is also inadequate under federal pleading standards. Count Six of Plaintiffs' Complaint consists of only two paragraphs: one vaguely alleging that there are a variety of "duties and obligations" that have been undertaken by Aon as a result of the contract and the parties' "extended course of dealing" (Compl. ¶ 135); and one requesting that the Court "enter a declaratory judgment determining the parties' rights, duties and obligations." *Id*. ¶ 135.[4]

The pleading standard set forth by the Supreme Court in *Iqbal* requires a pleader to make factual allegations sufficient to demonstrate a plausible claim for relief. 129 S. Ct. at 1949. Here, setting aside Plaintiffs' "naked assertions," there are no specific allegations demonstrating what declaratory relief is actually sought, much less allegations demonstrating that Plaintiffs are entitled to such relief. *Id.* Simply put, Count Six is devoid of any meaningful allegations which state a claim.

Moreover, Plaintiffs' declaratory judgment claim merely seeks a declaration that they are entitled to the substantive relief Plaintiffs have already requested in their other claims. In such circumstances, the Court can—and should—dismiss the Count as wholly duplicative and serving no purpose. *Superior Care Pharmacy Inc. v. Med. Shoppe Intern., Inc.*, No. 2:10-cv-207, 2011 WL 597065, at *15 (S.D. Ohio Feb. 10, 2011) (exercising discretion to decline to address declaratory judgment claim seeking duplicative relief of substantive claims that were insufficiently pled based on the fact that "declaratory judgment would not settle the controversy or serve a useful purpose in clarifying the legal relations at issue").

---

[4] Plaintiffs also incorporate by reference every other paragraph in the Complaint without explanation for how such allegations are related to the claim brought in Count Six. *Id.* ¶ 134.

A court has broad discretion in determining whether or not to entertain a declaratory judgment claim. *See Stuckey v. Online Res. Corp.*, No. 2:08-cv-1188, 2009 WL 5030794, at *19 (S.D. Ohio Dec. 11, 2009) ("the decision as to whether to entertain the request for a declaratory judgment [is] at the discretion of the district judge"); *Barnes v. First Am. Title Ins. Co.*, No. 06-cv-574, 2006 WL 2265553, at *10 (N.D. Ohio Aug. 8, 2006) ("'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'") (quoting *Pub. Affairs Press v. Rickover*, 369 U.S. 111, 112 (1962)). "Under Rule 57 of the Federal Rules of Civil Procedure, the Court has the power to grant declaratory relief when another adequate remedy is available." *Cincinnati Ins. Co. v. Hertz Corp.*, 776 F. Supp. 1235, 1239 (S.D. Ohio 1991). Here, however, the Court should, in the exercise of its discretion, dismiss the declaratory judgment count because Plaintiffs have already brought duplicative direct claims and because the declaratory judgment count fails for the same reasons as the direct claims. *Superior Care Pharmacy*, 2011 WL 597065, at *15. Therefore, Count Six should be dismissed.

## II.    Alternative Motion to Sever and Stay

Aon contends that, based on the above, *all* claims asserted against it in the Complaint should be dismissed. In the alternative, Aon moves to sever any remaining claims from the underlying coverage dispute and stay them pending the resolution of that dispute. Rule 42(b) states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

Courts have discretion under Rule 42(b) to bifurcate actions and set aside certain claims for discovery and resolution after other claims have been resolved. 6 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2387 (3d ed. 2011) ("The separate trial rule has an obvious relation to the discovery rules, since if a possibly dispositive issue is to be tried separately, the district court, although it need not, may limit discovery to that issue until after its resolution.") Bifurcating actions under Rule 42(b) is a matter left to the sound discretion of the trial judge. *Payne v. A.O. Smith Corp.*, 99 F.R.D. 534, 536 (S.D. Ohio 1983). The purpose of this rule is "to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988).

In this Circuit, bifurcation is appropriate where litigation of one issue obviates the need to try another issue. *See*, *e.g.*, *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) (holding that it was not an abuse of discretion to bifurcate individual liability from municipal liability, as it would be illogical to try the municipality first since its liability could not be determined without a determination on the lawfulness of the individuals' actions); *Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 401 (6th Cir. 1986); *see also Frank Betz Assocs., Inc. v. J.O. Clark Const., L.L.C.*, Civ. Action No. 3:08-cv-159, 2010 WL 4628203, at *1 (M.D. Tenn. Nov. 5, 2010) ("If a single issue could be dispositive of the case or is likely to lead the parties to negotiate a settlement, and resolution of it might make it unnecessary to try the other issues in the litigation, separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties."); *see also* WRIGHT & MILLER, *supra* § 2388 (same).

Furthermore, in cases like this that involve a claim relating to insurance coverage coupled with other claims, courts often conclude that it is appropriate to resolve the coverage claim first, before litigating the remaining claims. *See, e.g.*, *Penton Media, Inc. v. Affiliated FM Ins. Co.*,

13

245 F. App'x 495, 502 (6th Cir. 2007); *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 408-09 (6th Cir. 2005); *Agrawal v. Paul Revere Life Ins. Co.*, 182 F. Supp. 2d 788, 791 (N.D. Iowa 2001); *American Nat'l Red Cross v. The Travelers Indem. Co. of Rhode Island*, 924 F. Supp. 304, 306-07 (D.D.C. 1996); *South Hampton Refining Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 875 F. Supp. 382, 384 (E.D. Tex. 1995); *Aetna Cas. & Sur. Co. v. Nat'l Mut. Ins. Co.,* 734 F. Supp. 204, 206 (W.D. Pa. 1989).[5] As one district court in the Sixth Circuit explained, the specific nature of insurance coverage litigation makes it ideal for bifurcation in certain circumstances:

> In third-party and first-party cases alike, coverage issues commonly hinge on an issue of contract interpretation and are frequently, although not always, adjudicated on summary judgment motions. Limited discovery and adjudication of the threshold coverage dispute would, in the court's view, streamline adjudication-a conclusion reached without any view of the merits of the underlying coverage claim. Delaying discovery of bad faith would permit the court to adjudicate the underlying contract claim, a threshold issue to the extra-contractual claims.

*Galloway v. Nationwide Mut. Fire Ins. Co.*, Civ. Action No. 3:09-CV-491-JDM, 2010 WL 3927815, at *1 (W.D. Ky. Oct. 5, 2010).

There are three main criteria courts consider for the purposes of determining whether bifurcation is appropriate under Rule 42(b): (1) whether bifurcation furthers the convenience of the parties; (2) whether bifurcation avoids prejudice to either party; and (3) whether bifurcation would be in the interests of judicial economy. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). According to the Sixth Circuit, only one of these criteria need be met to justify

---

[5] These courts have reached this conclusion even where the stayed collateral claims are asserted against one of the parties to the coverage dispute, such as where tort claims based on allegations of bad faith are asserted against insurance carriers who refuse coverage. The facts of this case are even more aligned in favor severance and a stay, because Aon is *not* one of the parties to the coverage dispute and would therefore be unnecessarily dragged into that dispute in the absence of a stay.

bifurcation in the discretion of the Court. *Id.* Ultimately, the issue or issues contemplated for a separate trial must be sufficiently "distinct and separable from the others that a trial of it alone may be had without injustice." *In re Heparin Prods. Liab. Litig.*, No. 1:08hc60000, 2011 WL 1097637, at *3 (N.D. Ohio Mar. 22, 2011) (quoting *In re Sept. 11th Litig.*, No. 21 MC 97 (AKH), 2007 WL 1965559, at *2 (S.D.N.Y. July 5, 2007)). Here, a severance and stay of the collateral claims against Aon can be justified under any one of the three considerations under Rule 42(b).

First, severance and stay would clearly serve the convenience of the parties and the Court. The issues to be tried in the claims against Aon are *significantly* different from the issues in the underlying coverage dispute. The claims against Aon involve different alleged contracts, different alleged duties, different parties, different material witnesses, and different legal principles and governing law. In short, the claims against Aon implicate an *entirely separate* and arguably more complicated legal action that Plaintiffs have attempted to artificially thrust into the center of a simple insurance coverage dispute.

In this case, all of Plaintiffs' claims against Aon are contingent upon and could be resolved entirely based on the outcome of the coverage claims. There is no certainty that Plaintiffs' insurance claims will ultimately go uncovered. The dependence of Plaintiffs' claims against Aon on the coverage claims is on full display in the very language of the Complaint where Plaintiffs allege: "***In the event that Chartis is not required to provide insurance coverage*** to Plaintiffs under the 2005-2010 Pollution Policy because of Aon's failure to give a proper notice to Chartis, Aon is liable for all of the damages flowing from that breach . . . ." Compl. ¶¶ 146, 155 (emphasis added).

15

Even if the claims against Aon were not entirely resolved based on the outcome of the coverage claims, they could be greatly elucidated. For example, a finding in the coverage dispute as to the *reason* that coverage may be lacking could likewise clarify or resolve the claims against Aon. Plaintiffs' allegations against Aon are confined to actions or inactions in administering the 2005-2010 Policy.[6] But there are unresolved coverage issues unrelated to the administration of the policy and involving whether the terms of the policy itself and the agreement between Chartis and Momentive permit or exclude coverage of some or all of the claims brought against Momentive Química in Brazil.[7]

Just as one example, with respect to coverage of the fine levied by the Brazilian environmental protection agency, the Court could hypothetically conclude that irrespective of any action or inaction by Aon, the terms of the policy Chartis and Momentive negotiated did not cover liability for fines and other civil assessments. Such a finding would mean that, with respect to those claims, Plaintiffs' lack of insurance coverage on such claims would have nothing to do with Aon's administration of the 2005-2010 Policy. Due to the fact that such contingencies exist, neither the Court nor Aon should be forced into the immediate adjudication of claims that,

---

[6] Plaintiffs' allegations of "wrongdoing" on Aon's part are that: (1) employees of Aon's Brazilian subsidiary allegedly offered an opinion in late 2005 (more than a year after the accident) that the fine assessed by the Brazilian environmental agency was not covered under the Chartis policy (Compl. ¶¶ 82, 84); (2) Aon, in general, failed to give appropriate advice about possible insurance coverage after claims began to be made based on the tanker explosion (Compl. ¶¶ 91, 142, 152); and (3) Aon breached some alleged duty to handle advising the insurance carriers, on Momentive's behalf, of possible claims based on the tanker explosion.

[7] While Complaint in this action makes few concrete allegations about the reason that Chartis has denied coverage, the declaratory judgment action filed by Chartis in New York (referenced in paragraph 98 of the Complaint) asserts many possible grounds for denying coverage, including Chartis' position that "criminal fines, penalties or assessments" are not covered under the policy. *See Chartis Specialty Ins. Co. v. Hexion Specialty Chems., Inc. et al.*, Civil Action No:1:11-cv-02777-LTS (S.D.N.Y.), Doc. No. 9.

for a variety of possible reasons, could become entirely moot after substantial resources have been exhausted by the parties and the Court.

Second, severing and staying the claims against Aon will help avoid prejudice to Aon and conversely would cause no prejudice to Plaintiffs. Outside of the fact that certain Aon employees may be witnesses, Aon's role in this case has little or no nexus to the primary coverage dispute between Plaintiffs and Chartis. Preliminary resolution of the coverage issues would ensure that Aon need not be dragged into this coverage dispute unnecessarily. At the same time, severed proceedings will still afford Plaintiffs the same opportunity to adjudicate any legally cognizable claims they have against the parties at the appropriate time.

Third, bifurcation would streamline the case and promote judicial economy by allowing the Court to address each issue when it is appropriate. Litigating the claims against Aon now would unnecessarily complicate the coverage dispute by inserting issues about either an unrelated contract or the obligations of insurance brokers. Thus, to the extent any of Plaintiffs' claims against Aon survive its motion to dismiss, Aon moves in the alternative to sever and stay such claims pursuant to Federal Rule of Civil Procedure 42(b).

## CONCLUSION

Based on the foregoing, Aon respectfully asks that the Court dismiss Counts Six, Seven, and Eight.  In the alternative, Aon respectfully requests severance and a stay of any remaining claims in the Court's discretion pursuant to Federal Rule of Civil Procedure 42(b).

Of counsel:

James E. Arnold & Associates, LPA
115 West Main Street, 4th Floor
Columbus, Ohio 43215
Telephone:	(614) 460-1600
Telefax:	(614) 469-1066

Matthew J. Burkhart (0068299)
James E. Arnold & Associates, LPA
115 West Main Street, 4th Floor
Columbus, Ohio 43215
Telephone:	(614) 460-1637
Telefax:	(614) 469-1129
mburkhart@arnlaw.com

Timothy J. P. Rooney (pro hac vice)
Norman K. Beck (pro hac vice)
Linda T. Coberly (pro hac vice)
Kevin P. McCormick (pro hac vice)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601-9703
Telephone:	(312) 558-5972
Telefax:	(312) 558-5700
trooney@winston.com
nbeck@winston.com
lcoberly@winston.com
kmccormick@winston.com

Respectfully submitted,

s/ James E. Arnold
James E. Arnold (0037712)
Trial Attorney for Defendant Aon
115 West Main Street, 4th Floor
Columbus, Ohio 43215
Telephone:	(614) 460-1600
Telefax:	(614) 469-1066
jarnold@arnlaw.com

CERTIFICATE OF SERVICE

      I hereby certify that, on August 25, 2011, the foregoing was served on the parties to this action by filing it using the Court's CM/ECF system.

                                      s/ Matthew J. Burkhart
                                      Matthew J. Burkhart (0068299)

Case: 2:11-cv-00583-EAS-EPD Doc #: 30 Filed: 08/25/11 Page: 19 of 19  PAGEID #: 151