IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MOMENTIVE SPEC. CHEM., INC. et al.,

    Plaintiffs                                 Case No. 2:11-cv-00583

    v.                                          Judge Graham

CHARTIS SPEC. INS. CO., et al.,                Magistrate Judge Deavers

    Defendants.

## ORDER

This matter is before the court on the Fed. R. 12(b)(6) motion to dismiss of defendant Aon Risk Services Northeast, Inc. (Aon). In the alternative, Aon also seeks severance and stay of the claims against it pending resolution of the underlying insurance coverage dispute.

## I.    Facts

Plaintiff Momentive Speciality Chemicals, Inc. (Momentive)[1] is a New Jersey corporation with its principal place of business in Columbus, Ohio. Momentive Quimica de Brasil Ltda (Momentive Brazil) is a Brazilian limited liability company with its principal place of business in Brazil[2]. Momentive Brazil is a wholly owned indirect subsidiary of Momentive. The moving defendant is Aon Risk Services Northeast, Inc. (Aon,), a New York insurance brokerage company with its principal place of business in Chicago, Illinois. Co-defendants are

---

[1] Momentive was formerly known as Hexion Specialty Chemicals, Inc. and Borden Chemical, Inc.

[2] Momentive Brazil does not do business in the United States but submits to the jurisdiction of the court solely to resolve the issues presented in this case.

1

Chartis Speciality Insurance, Inc. (Chartis), an insurance company organized under the laws of the State of Illinois with its principal place of business in New York, New York., and Willis North America, Inc. (Willis), a Delaware insurance brokerage company with its principal place of business in Tennessee.

This is a dispute over insurance coverage. The incident which gave rise to the need for insurance occurred on November 14, 2004, when a Chilean tanker ship, Vicuna, carrying 15,000 tons of methanol (one-third of which had been ordered by Momentive Brazil) exploded in Paranagua Bay, Brazil. The explosion resulted in a spillage of an estimated 291,000 liters of fuel oil into Paranagua Bay. As a result of the fuel spill, Momentive has been faced with claims for damages from fishermen who allege that their livelihood was affected by the fuel spill as well as claims from an environmental group alleging that the fuel spill wreaked havoc on wildlife in Paranagua Bay. In addition, Momentive has faced fines imposed by the Brazilian environmental agency (the Environmental Institute of Parana – State of Parana Environmental Agency "IAP").

Prior to the accident, Momentive had entered into two insurance brokerage agreements. In May of 2000, Momentive contracted with Willis as its worldwide insurance broker for itself and its subsidiaries, including Momentive Brazil. In August, 2004, Aon was appointed as Momentive's "exclusive insurance representative" except for policies effective July 1, 2004 which had been placed by Willis. In September of October of 2004, Aon and Momentive entered into a "global insurance services agreement" (Aon Agreement) under which certain of Aon's duties toward Momentive were reduced to writing. According to the Aon Agreement, Aon was obligated to "administer plaintiffs' relationship with insurance companies," (doc. 2 ¶26) and "provide insurance services to plaintiffs including risk control, claim advocacy and claim

consulting." (Id). Also part of the Aon Agreement was Aon's "Brokerage Services Matrix."(Id ¶27). Pursuant to the Services Matrix, Aon agreed to "assist on claim and coverage issues with existing and former insurers." (Id). Plaintiff maintains that there were also additional duties orally agreed to by Aon, including the duty to "communicate with all of plaintiffs' relevant insurers regarding any and all events, incidents, accidents, occurrences, pollution conditions, possible claims and/or actual claims of which Aon was made aware." (Id ¶29). Aon placed, among other things, the 2005-2010 Chartis Pollution Policy (Pollution Policy). There is no allegation that Aon failed to inform Chartis of the Vicuna Accident at the time the policy application was made, nor that it informed Momentive that such information need not be disclosed.

Plaintiff alleges that Aon representatives were notified of the Vicuna Accident shortly after it occurred. There is no allegation that Aon told Momentive that Aon would inform Chartis of the accident, nor is there an allegation that Momentive was told not to inform Chartis of the accident because there was no coverage available. On August 10, 2005, the Brazilian environmental agency issued an assessment (IAP assessment) fining Momentive for environmental damage in Paranagua Bay. The following day, Momentive Brazil notified Aon's representative of Brazil, Alberto de Olivieria Neto ("Oliveira") of the IAP assessment. On August 12, 2005, Olivieria allegedly incorrectly informed Momentive Brazil that there was no insurance that would cover the IAP fines. There is no allegation that Aon told Momentive anything regarding the fines that was specific to the Chartis policy's coverage. On August 25, 2005, Momentive's Director of Risk Management, Richard Shock, provided Aon with information relating to the Vicuna Accident and asked Aon to comment on any insurance

3

coverage available. Thereafter Aon was provided with information relating to other claims filed against Momentive arising out of the Vicuna Accident. In September of 2009, Shock again requested that AON opine on any coverage available to cover the IAP Assessment. Three months later, Shock requested that AON convey notice of the claims against Momentive to all of Momentive's relevant insurers. It is unclear from the complaint who notified Chartis of the accident, though plaintiff alleges that by at least January of 2010, Chartis was put on notice of the accident.

Plaintiff filed suit against Aon and co-defendants Willis and Chartis on July 1, 2011. As against Aon, plaintiff asserts claims for negligence, breach of contract and declaratory judgment. Aon now moves the court for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Aon seeks a severance and stay pending resolution of the underlying insurance dispute.

**II.     Legal Standard**

This matter is before the court on the motion of defendant to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id.

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Id. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). Ibid.

Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Ashcroft, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).

5

**III.     Legal Analysis**

    **A.     Breach of Contract**

To establish a prima facie breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) plaintiff's performance under the contract; (3) defendant's failure to perform under the contract; and (4) damages resulting from defendant's failed performance. See Pavlovich v. Nat'l City Bank, 435 F.3d 560, 565 (6th Cir. 2006). While Plaintiffs must plead sufficient facts to show that they are entitled to relief for the alleged breach, they need not present a "detailed recitation" of their claim. King v. Hertz Corp., 1:09 CV 2674, 2011 U.S. Dist. LEXIS 35610 (N.D. Ohio, Mar. 31, 2011)**.**

Defendant moves to dismiss plaintiffs' breach of contract claim on the grounds that the complaint fails to apprise Aon of the nature of the claim against it. Specifically, Aon asserts that the complaint fails to identify when the agreement went into effect and what precise terms of the contract are alleged to have been breached. Additionally, Aon argues that Momentive has failed to allege that it performed its own obligations under the contract.

In their complaint, plaintiffs allege that there was a written agreement between Aon and Momentive that went into effect sometime in September or October of 2004. Pursuant to this Agreement, Aon assumed an obligation to provide insurance brokerage services for plaintiff, which included providing advice and guidance on insurance claims. Plaintiffs allege performance under the agreement by paying Aon's fees for advice, guidance and services. Plaintiffs further allege that the defendant failed to perform under the contract by failing to notify plaintiffs' insurers regarding the claims against Momentive, and by failing to properly advise on and facilitate plaintiffs' insurance claims related to the Vicuna Accident. Finally,

plaintiffs allege damages as a result of defendant's failed performance. Accordingly, plaintiffs have sufficiently stated a claim for breach of contract and defendant's motion to dismiss this claim is denied.

**B.      Negligence**

Plaintiff has also brought a claim for "negligence" against Aon. The defendant moves to dismiss the negligence claim on the basis of Ohio's economic loss doctrine. Plaintiff responds that the economic loss doctrine does not bar a negligence claim against an insurer, that defendant cannot both refute the existence of a contract and then rely on the contract to bar a negligence claim, and that the economic loss doctrine does not bar a claim for negligent misrepresentation.

The economic-loss doctrine holds that "absent tangible physical harm to persons or tangible things there is generally no duty to exercise reasonable care to avoid economic losses to others." J.F. Meskill Enterprises, LLC v. Acuity, No. 05-cv-2955, 2006 U.S. Dist. LEXIS 41491 (N.D. Ohio Apr. 7, 2006)(citing Queen City Terminals, Inc. v. Gen. Am. Transp. Corp., 653 N.E. 2d 661, 667-68 (Ohio 1995)). The economic loss rule therefore "generally prevents recovery in tort of damages for purely economic loss." Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc., 835 N.E.2d 701, 704 (Ohio 2005). That is, "a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co., 537 N.E.2d 624, 630 (Ohio 1989) (citations omitted). This is because "tort law is not designed *** to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." Corporex Dev. & Constr. Mgmt Inc. v. Shook, Inc., 106 Ohio St. 3d 412, 414 (2005). The only damages that the plaintiffs seek are economic.

7

It has been repeatedly held that regardless of the general duty owed by an insurance broker to an insured to exercise diligence in obtaining insurance[3], the economic loss doctrine bars pure negligence claims (and professional negligence claims) against insurance companies, agents or brokers. See, Long v. Time Ins. Co., 572 F. Supp. 2d 907, 912 (S.D. Ohio 2008)(economic loss doctrine bars plaintiff from pursuing negligence or professional negligence claims against insurer); Burke v. Time Insurance Co., No. 3:10 cv 00478, 2011 U.S. Dist. LEXIS 69614 (S.D. Ohio June 9, 2011)(it is well established that negligence claims against insurers are barred by the economic loss doctrine);Mafcote, Inc. v. Genatt Assocs., No. 1:04-cv-853, 2007 U.S. Dist. LEXIS 10117 (S.D. Ohio Feb. 14, 2007) (the economic loss doctrine has been applied to bar negligence claims by insureds against their insurance brokers for failing to procure coverage); J.F. Meskill Enterprises, LLC v. Acuity, No. 05-cv-2955, 2006 U.S. Dist. LEXIS 41491 (N.D. Ohio Apr. 7, 2006)(it is clear that plaintiff may not maintain a negligence or "professional negligence" action against her insurance broker); Potts v. Safeco Ins. Co., No. 2009 CA 0083, 2010 Ohio App. LEXIS 1676 (Ct. App. Ohio May 3, 2010)(inability to recover under an insurance policy is an "economic loss" and negligence claim against insurer for such loss is barred by the economic loss doctrine). Because Momentive's claims against Aon are purely economic ones, the economic loss doctrine bars the negligence claim against Aon.

Although the economic loss doctrine bars negligence claims, it does not bar claims for "negligent misrepresentation" against an insurance agent or broker. See, e.g., J.F. Meskill, 2006

---

[3]At least one court has rationalized that this general duty to exercise reasonable care in procuring insurance is little more than a contract claim because the plaintiff is asserting that the broker failed to purchase the coverage the broker was supposed to purchase. See J.F. Meskill, 2006 U.S. Dist. LEXIS 41491, * 13.

U.S. Dist. LEXIS 41491 at * 17 (a number of Ohio courts have considered negligent misrepresentation claims against insurance brokers); Potts, 2010 Ohio App. LEXIS 1676 * 21 ("the economic loss rule does not apply to claims for negligent misrepresentation"). The Ohio Supreme Court has adopted Section 552 of the Restatement for determining liability for one who, "in the course of his or her profession, negligently provides information to others." Long, 572 F. Supp. at 912 (citing Haddon View Invest. Co. v. Coopers & Lybrand, 70 Ohio St. 2d 154 (1982). Section 552 of the Restatement provides:

> One who in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Thus the elements of a negligent misrepresentation claim can be broken down as: 1) defendant was acting in the course of his business or profession, 2) and supplied false information for the guidance of others in their business transactions, 3) defendant failed to exercise reasonable care in obtaining or communicating the information, and 4) plaintiff justifiably relied on the information; and 5) plaintiff suffered pecuniary loss as a result of the justifiable reliance. "False information," and not simply an omission, must be alleged. See JP Morgan Chase Bank, NA v. Coverall No. Amer., Inc., No. 1:08CV0805, 2010 U.S. Dist. LEXIS 1795 (N.D. Ohio Jan. 11, 2010) (citing Crown Property Dev. Inc. v. Omega Oil Co., 681 N.E. 2d 1343, 1349 (Ohio Ct. App. 1996)). Reliance is justified where "the representation does not appear unreasonable on its face and if, under the circumstances, there is no apparent reason to doubt the veracity of the representation." Crown Property Dev. Inc., 681 N.E. 2d at 1349. The Supreme Court has explained that this exception to the economic loss doctrine exists only "when there is a pre-existing duty in tort." Burke v. Time Ins. Co., No.

3:10-CV-00478, 2011 U.S. Dist. LEXIS 69614 (S.D. Ohio June 9, 2011)(citing Haddon View Inv. Co. v. Coopers & Lybrand, 436 N.E.2d 212 (Ohio 1982)).

Although plaintiffs' claim is captioned as "negligence," plaintiff asserts that it is not barred from maintaining a claim for negligent misrepresentation. Even a very liberal reading of the plaintiffs' complaint does not allow the court to find that they have stated a claim for negligent misrepresentation. In its complaint Plaintiffs allege that Aon had an affirmative duty based on a special relationship of trust to exercise reasonable skill and diligence in rendering brokerage services including advising and facilitating plaintiffs' insurance claims. (Complaint ¶148). Plaintiffs also allege Aon owed a duty to act in plaintiffs' best interest. (Id ¶149). Plaintiff alleges that plaintiff foreseeably relied on Aon's advice and guidance relating to the Accident and its related claims and that by failing to properly advise plaintiffs, Aon breached its duty. However, in order to state a claim for negligent misrepresentation, the plaintiffs must allege an affirmative false statement. The only statement that Aon is alleged to have made was a misrepresentation that there was no available insurance that would cover the IAP assessment. Plaintiffs do not, however, allege how they relied on this information nor how they were damaged by the alleged misrepresentation. For instance, there is no allegation that Aon represented that Chartis (or other insurers) need not be informed by Momentive because Aon would take put Chartis on notice. Nor is there an allegation that plaintiffs were barred from coverage due to a failure to timely notify the insurers that was caused by a representation by Aon. Plaintiffs simply do not allege a "pecuniary loss" as a result of a justifiable reliance. Accordingly, the court finds that plaintiff has failed to allege a claim for negligent misrepresentation.

Accordingly, the motion to dismiss the claim for negligence is granted.

## C. Declaratory Judgment

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In order for declaratory judgment to be properly exercised, there must be an actual controversy that exists. An "actual controversy" exists where under all the circumstances "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See 22A Am Jur 2d Declaratory Judgments § 29; see also Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510 (1941). A declaratory judgment is not appropriate where the court is called to consider speculative or hypothetical matters. Goodrich-Gulf Chemicals, Inc. v. Phillips Petroleum Co., 376 F.2d 1015, 1018 (6th Cir. 1967)(citing E. W. Bliss Co. v. Cold Metal Process Co., 102 F.2d 105, 108 (6th Cir. 1939)).

In the instant case, plaintiff seeks a declaration of the "existence, scope and breach of Aon's duties and obligations to Plaintiff's under the Aon Agreement and extended course of dealing between Aon and Plaintiffs." (complaint ¶134). In short, plaintiff seeks little more than a declaration as to the obligations required pursuant to either the contract between the parties or the alleged special relationship between them. Plaintiff does not allege any immediacy nor reality that would warrant a declaratory judgment. At most, plaintiff argues in its response that given the ongoing relationship between the parties, there may be future disputes over the obligations and rights of the parties to the contract. This is not a sufficiently active controversy for which the court should exercise its declaratory judgment powers. Accordingly, the claim for declaratory judgment against

Aon is dismissed.

### D. Motion to Sever

Fed. R. Civ. P. 42(b) provides:

(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

A bifurcation decision should be grounded in the facts and circumstances of the individual case. Wolkosky v. 21st Century Centennial Ins. Co., No.: 2:10-cv-439 2010 U.S. Dist. LEXIS 79643 (S.D. Ohio July 14, 2010) (citing Saxion v. Titan-C-Mfg., Inc., 86 F.3d 553, 556 (6th Cir. 1996). In determining the issue of bifurcation, the court should consider the "potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." Id (quoting Wilson v. Morgan, 477 F.3d 326, 339 (6th Cir. 2007) (internal citations omitted). Although granted discretion, federal courts "have long adhered to the rule that bifurcation should be ordered only in exceptional cases because the piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." GE Credit Union v. Nat'l Fire Ins., No. 1:09-cv-143, 2009 U.S. Dist. LEXIS 96085 (S.D. Ohio, Sept. 30, 2009)(citing Wright & Miller, Federal Practice and Procedure § 2388, at 474 (2nd ed. 2006)).

Aon asks the court to sever the claims against it from the underlying coverage dispute claim against Chartis. Aon asserts that severance would serve the convenience of the parties because the claims against Aon for breach of an insurance brokerage contract are different than the claims against Chartis for insurance coverage. Aon also argues that the claims against it are contingent upon a finding that there is no coverage under the Chartis policy. Thus, if the issue of coverage is tried first, and coverage is found to exist, then the claims against Aon would be moot. Aon also

12

argues that it will be prejudiced if it is forced to participate in the primary coverage lawsuit. Finally Aon asserts that bifurcation would streamline the case because litigating the claims against Aon would unnecessarily complicate the issue of coverage.

The court does not agree that bifurcation would serve the interests of judicial economy in this case. As stated in the court's decision denying Chartis' motion to dismiss, the issue of coverage under the Chartis policy may hinge upon whether the pollution conditions were disclosed in the application for insurance. Aon was the broker who assisted Momentive in procuring the Chartis policy and presumably had a role in preparing the application for insurance. Thus, the same witnesses will likely be called upon to testify as to Aon's actions in both the coverage case and the breach of contract case. Judicial economy and convenience are not served by having the court hold two separate trials where many of the same issues and witnesses will be presented. See Specialty Minerals, Inc. v. Dunbar Mech. Inc., 164 Fed. Appx. 539, 541 (6th Cir. 2005) (district court did not err in refusing to bifurcate where the claims involved the same witnesses and same transaction). Accordingly, defendants motion to sever and stay is denied.

**IV.   Conclusion**

The defendant's motion to dismiss is GRANTED in PART and DENIED in PART. The motion to dismiss plaintiff's breach of contract claim is DENIED. The motion to dismiss the plaintiff's negligence claim and claim for declaratory judgment is GRANTED. The defendant's motion to sever is DENIED.

IT IS SO ORDERED.

S/ James L. Graham
James L. Graham

UNITED STATES DISTRICT COURT

Date: March 12, 2012