**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MOMENTIVE SPEC. CHEM., INC. et al.,

            Plaintiffs                       Case No. 2:11-cv-00583

        v.                                Judge Graham

CHARTIS SPEC. INS. CO., et al.,            Magistrate Judge Deavers

            Defendants.

## <u>ORDER</u>

This matter is before the court on the Fed. R. 12(b)(6) motion to dismiss of defendant

Chartis Speciality Insurance Co. (Chartis).

### I.     Facts

Plaintiff Momentive Speciality Chemicals, Inc. (Momentive)[1] is a New Jersey

corporation with its principal place of business in Columbus, Ohio.  Plaintiff Momentive

Quimica de Brasil Ltda (Momentive Brazil) is a Brazilian limited liability company with its

principal place of business in Brazil[2]. Momentive Brazil is a wholly owned subsidiary of

Momentive.  The moving defendant, Chartis is an insurance company organized under the laws

of the State of Illinois with its principal place of business in New York, New York.  Co-

defendants are Willis North America, Inc. (Willis), a Delaware insurance brokerage company

with its principal place of business in Tennessee, and Aon Risk Services Northeast, Inc. (Aon,), a

New York insurance brokerage company with its principal place of business in Chicago, Illinois.

---

[1]      Momentive was formerly known as Hexion Specialty Chemicals, Inc. and Borden
Chemical, Inc.

[2]      Momentive Brazil does not do business in the United States but submits to the
jurisdiction of the court solely to resolve the issues presented in this case.

This is a dispute over insurance coverage. The incident which gave rise to the need for insurance occurred on November 14, 2004, when the Chliean tanker ship Vicuna, carrying 15,000 tons of methanol (one-third of which had been ordered by Momentive Brazil), exploded in Paraguana Bay, Brazil (the "Vicuna Accident"). The explosion resulted in a spillage of an estimated 291,000 liters of fuel oil into Paranagua Bay. As a result of the fuel spill, Momentive has been faced with claims for damages from fishermen who allege that their livelihood was affected by the fuel spill as well as claims from an environmental group alleging that the fuel spill wreaked havoc on wildlife in Paranagua Bay. In addition, Momentive has faced fines imposed by the Brazilian environmental agency (the Environmental Institute of Parana – State of Parana Environmental Agency "IAP").

Prior to the Vicuna Accident, Momentive had entered into two insurance brokerage agreements. In May of 2000, Momentive contracted with Willis as its worldwide insurance broker for itself and its subsidiaries, including Momentive Brazil. By written agreement, Willis was obligated (among other things) to assist and counsel Momentive on all risk management and insurance issues and to assume responsibility for handling claim and coverage issues with Momentive's various insurers. (Willis Agreement). Pursuant to the Willis Agreement, Willis also agreed to indemnify Momentive for any losses arising out of the negligent performance of services under the contract. For the period of July 1, 2004 to July 1, 2005 Willis placed a ACE 2004-2005 Global GL Policy and a Steadfast 2004-2005 Global Excess GL Policy. In August, 2004, Aon was appointed as Momentive's exclusive insurance representative except for policies effective July 1, 2004 which had been placed by Willis. Pursuant to written agreement, Aon's duties included assisting on insurance claim and coverage issues. Aon placed, among other things, the 2005-2010 Chartis Pollution Policy (Pollution Policy). The complaint is silent as to whether Aon notified Chartis of the Vicuna Accident at the time it procured the Pollution Policy.

On the day after the Vicuna Accident, Momentive Brazil's Manger of the Comptroller

Department, Tania Trigo informed one of Willis' representatives of the Vicuna accident by email. A Willis representative confirmed that Willis would provide notice "to the Insurance Co." (doc. 2 ¶66). Approximately three weeks later, Janice Hackett, a Willis representative in Ohio had further discussions about the accident with Momentive's Director of Risk Management, Richard L. Shock. Despite being on notice of the accident, Willis apparently failed to notify any insurance companies of the accident, including Chartis. Momentive also apparently failed to notify Chartis at that time. Plaintiff also alleges that Aon representatives were also notified of the Vicuna accident shortly after it occurred. Beginning in 2005 and proceeding thereafter, Momentive requested Aon's assistance in determining insurance coverage available to cover the Vicuna accident. It is unclear from the complaint who notified Chartis of the accident, but this notice did not happen until sometime in early January 2010.

On April 25, 2011, Chartis filed a complaint for declaratory judgment against Momentive in the Federal District Court for the Southern District of New York. Chartis sought a declaration that the policy did not provide coverage for the Vicuna accident. That case was voluntarily dismissed by Chartis. On July 1, 2011, Momentive filed the instant action for declaratory judgment.

## II.    Legal Standard

This matter is before the court on the motion of defendant to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a

recovery under some viable legal theory." <u>Mezibov v. Allen</u>, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. <u>Id</u>.

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. <u>Campbell v. PMI Food Equipment Group, Inc.</u>, 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. <u>Id</u>. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>. at 1950. Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). <u>Ibid</u>.

Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555; <u>see also</u> <u>Ashcroft</u>, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); <u>Association of Cleveland Fire Fighters v. City of Cleveland, Ohio</u>, 502 F.3d 545, 548 (6th Cir. 2007).

## III.    Legal Analysis

Defendant asserts that dismissal is proper because the plaintiff's complaint clearly establishes that the Vicuna Accident is not covered by the Pollution Policy due to plaintiffs'

prior knowledge of the pollution condition.

The Chartis Pollution Policy[3] provides for coverage of pre-existing conditions and states in pertinent part:

> To pay on behalf of **Insured, Loss** that the **Insured** is legally obligated to pay as a result of **Claims** for **Clean-Up Costs** resulting from **Pollution Conditions** on or under the **Insured Property** that commenced prior to the **Continuity Date**, provided such claims are first made against the **Insured** and reported to the Company in writing during the **Policy Period**, or during the **Extended Reporting Period** if applicable.

**Pollution Conditions** is defined as:

> [T]he discharge, dispersal, release or escape of any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to, smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, medical waste and waste materials into or upon land, or any structure on land, the atmosphere or any watercourse or body of water, including groundwater, provided such conditions are not naturally present in the environment in the amounts or concentrations discovered.

The Policy also contains exclusions, and provides that the "Policy does not apply to **Clean-Up Costs, Claims, Loss, Actual Loss, Extra Expense,** or loss of **Rental Value:**

> * * *
> I.    Arising from **Pollution Conditions** existing prior to the **Inception Date** and known by a **Responsible Insured** and not disclosed in the application for this Policy, or any previous policy for which this Policy is a renewal thereof.

The inception date of the policy was July 1, 2005, approximately seven and a half months after the Vicuna Accident.

The interpretation of an insurance contract and its exclusions is a question of law. Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 817 (6th Cir. 1999). An exclusion clause must be carefully expressed and with operative terms clearly defined. See, St. Paul Fire

---

[3]The policy was not attached to the complaint but was provided by defendant Chartis as part of its Motion to Dismiss. The Pollution Policy is central to the plaintiffs' complaint and claims and is therefore properly considered by the court. See Blessing v. USW, 244 Fed. Appx. 614, 620 fn. 1 (6th Cir. 2007)(citing Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999)).

& Marine Ins. Co. v. Powell-Walton-Milward, Inc., 20 F.3d 690, 693 (6th Cir. 1994). When the words of the contract are explicit and do not lead to absurd consequences, no further interpretation may be made into the parties' intent. See e.g., Safeco Ins. Co. of Am. v. White, 913 N.E. 2d 426, 430, 122 Ohio St. 3d 562, 566-67 (Ohio 2009) (the court looks at the plain and ordinary meaning of the language used in the policy to determine the intent of the parties to the insurance contract). However, if there is ambiguity in the contract, the ambiguous provision must be construed against the insurer. Id. Exclusionary clauses are strictly construed against the insurer and if an exclusion is subject to more than one interpretation, then the interpretation favoring coverage applies. See, St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc., 20 F.3d 690, 693 (6th Cir. 1994). The insurer "bears the burden of proving the applicability of an exclusion in its policy." Bailey PVS Oxide LLC v. Plas-Tank Indus., No. 3:02CV7363, 2003 U.S. Dist. LEXIS 16598 (N.D. Ohio Sept. 4, 2003)(citing Cont'l Ins. Co. v. Louis Marx Co., 64 Ohio St. 2d 399, 415 N.E.2d 315, 317 (Ohio 1980)).

The defendant asserts that the pre-existing conditions exclusion is applicable because plaintiff admits that at least two of its employees were aware of the Vicuna accident and pollution conditions prior to the inception of the Chartis policy. Defendant further asserts that those employees were "responsible insureds" as that term is defined in the policy. Because plaintiff's responsible insureds were aware of the pollution condition, defendant asserts that it would only be required to cover the pollution condition if plaintiff had disclosed it in its application for insurance. Defendant avers that plaintiff did not disclose the existence of the pollution condition in its application and therefore the pollution condition is excluded under the policy.

Plaintiff's complaint is silent as to whether responsible insureds knew of the pollution condition and is further silent as to whether the pollution condition was disclosed in its application for insurance with Chartis. The application for insurance is essential to resolution of the issue of exclusion because if the pollution condition was disclosed, then Chartis cannot

establish that the preexisting pollution condition exclusion applies. The application, however, has not been made part of the record. Because defendant bears the burden of proving that the exclusion is applicable, at this stage of the proceedings, defendant must do more than simply allege that the plaintiff failed to disclose the existence of the pollution condition in its application. Thus, at this point in time, the defendant has failed to establish that the exclusion applies and therefore that plaintiff has failed to state a claim.

**IV.      Conclusion**

For the foregoing reasons, defendant Chartis' motion to dismiss is DENIED.

IT IS SO ORDERED.

S/ James L. Graham_____

James L. Graham
UNITED STATES DISTRICT COURT

Date: Mar. 12, 2012