IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOMENTIVE SPECIALTY CHEMICALS, INC. f/k/a Hexion Specialty Chemicals, Inc., f/k/a Borden Chemical, Inc., and MOMENTIVE QUIMICA DO BRASIL LTDA., f/k/a Hexion Quimica Industria E Comercio Ltda. f/k/a Hexion Quimica Industria E Comercio S.A. f/k/a Borden Quimica Industria E Comercio, Ltda, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARTIS SPECIALTY INSURANCE COMPANY f/k/a American International Specialty Lines Insurance Company, WILLIS NORTH AMERICA INC., AON RISK SERVICES NORTHEAST, INC., <br><br> Defendants. | Civil Action No.: 2:11-cv-583 <br><br> Judge James L. Graham <br><br> Magistrate Judge E.A. Preston Deavers <br><br><br> **CONSENT PROTECTIVE ORDER** |

Plaintiffs MOMENTIVE SPECIALTY CHEMICALS, INC. *f/k/a* Hexion Specialty Chemicals, Inc., *f/k/a* Borden Chemical, Inc. and MOMENTIVE QUIMICA DO BRASIL LTDA., *f/k/a* Hexion Quimica Industria E Comercio Ltda. *f/k/a* Hexion Quimica Industria E Comercio S.A. *f/k/a* Borden Quimica Industria E Comercio, Ltda. (collectively "Plaintiffs") and Defendants CHARTIS SPECIALTY INSURANCE COMPANY *f/k/a* American International Specialty Lines Insurance Company, WILLIS NORTH AMERICA INC., and AON RISK SERVICES NORTHEAST, INC. (collectively "Defendants"), having agreed to the entry of a consent protective order, hereinafter, ("Consent Protective Order") minimize the disclosure of confidential materials or trade secrets through discovery, thus streamlining the discovery process and minimizing the need for Court intervention, and having represented to the Court that the entry of this Consent Protective Order is necessary and desirable to achieve that end, and good cause therefore appearing for the entry of this order, it is hereby ORDERED as follows:

1

1. **DEFINITIONS:** In connection with discovery in this action, including the production of electronically-stored information ("ESI"), documents and things, discovery responses, deposition testimony and exhibits, that contain trade secrets or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any other information the disclosure of which would cause annoyance, embarrassment, or oppression to the disclosing individual or entity under Fed. R. Civ. P. 26(c)(1) (hereinafter "Confidential Information"), which a party or non-party in good faith deems to contain Confidential Information, may be designated by such party as "CONFIDENTIAL" pursuant to the terms of this Consent Protective Order. The designation "CONFIDENTIAL" shall apply only to ESI, documents, or other materials that contain significant proprietary and/or competitive information regarding, *inter alia*, research, development, internal operations, source code, costs, pricing, financial information, customer information, sales, marketing, technical information or other trade secrets, which would not be disclosed in the ordinary course of business without an obligation of confidentiality and which if otherwise disclosed would cause the disclosing party competitive and/or commercial harm or could place the receiving party at a competitive advantage.

2. **DISPUTED MATERIALS**: Subject to a contrary ruling by this Court, nothing in this Consent Protective Order requires the Plaintiffs or Defendants to produce ESI, documents and things, discovery responses, and/or allow deposition testimony reflecting, referring, or relating in any way to any document or ESI that Plaintiffs or Defendants have objected to as confidential, proprietary, irrelevant, non-responsive or privileged. Should this Court order that any document or ESI that Plaintiffs or Defendants have objected to as confidential, proprietary, irrelevant, non-responsive or privileged is discoverable, the

documents, ESI, and things, discovery responses, deposition testimony, and/or deposition exhibits reflecting, referring, or relating to any disputed document(s) or ESI will be subject to the terms, conditions, and protections of this Consent Protective Order. Notwithstanding the above, nothing in this paragraph will operate to expand or modify any Order by this Court regarding the discoverability of information that any party objected to as confidential, propriety, irrelevant, non-responsive or privileged and/or limit the parties' ability to file objections to a Magistrate's Report or Recommendation, or to file any appeal pursuant to the Federal Rules.

3. **DESIGNATION AND USE**:

    a. Production: Any ESI, documents, things, discovery responses, or depositions or portions thereof designated as "CONFIDENTIAL" shall be so designated by the producing party or non-party at the time of their production by stamping, writing or affixing the designated materials with the legend "CONFIDENTIAL," or if necessary for materials which cannot be conveniently designated in the manner set forth above (such as models or electronic files), by separate written statement and/or by so labeling the media on which the electronic files are produced, or as set forth in Paragraph 4 of this Consent Protective Order. The availability of a "CONFIDENTIAL" designation shall not constitute a basis for requiring production of ESI, documents and things that are otherwise privileged, irrelevant, non-responsive and/or subject to dispute regarding its discoverability.

    b. Depositions: If any question asked during a deposition calls for the disclosure of Confidential Information, counsel for the disclosing or non-disclosing party shall, to the extent possible, designate those portions of the depositions for

3

which such claim is made at the time the testimony is given. The transcript or portions thereof shall be stamped "CONFIDENTIAL," except as otherwise set forth in Paragraph 4 of this Consent Protective Order.

    i. Any party may appropriately designate portions of the transcript of depositions as containing Confidential Information after transcription as in the case of any other ESI, document, or tangible thing, provided that written notice of such designation is given to the other party within fourteen (14) days after receipt of the transcript. Following such notice the parties shall confer as to the most convenient way to segregate the designated portions of this transcript.

    ii. Receiving parties shall not disseminate a deposition transcript, the contents thereof, or exhibits thereto beyond the class of Qualified Persons designated in subparagraph 7(b) and/or consultants or experts as described in subparagraph 7(f) herein for a period of twenty-one (21) days after receipt in order to allow adequate time for notice as set forth in subparagraph 3(b)(i) of this paragraph.

c. <u>Filing with the Court:</u> Any party seeking to file Confidential Information, properly designated under this Consent Protective Order, shall do so in accordance with S.D. Ohio Civ. R. 79.3. Filing of Confidential Information under seal shall not prevent or limit access in any manner consistent with this Consent Protective Order of that information by the Court or counsel of record for the parties.

d. The designation of any ESI or document as "CONFIDENTIAL" shall not preclude any party from showing such Confidential Information to any person

4

{00691575.DOC}

who appears as the author or as an addressee or recipient on the face of the ESI or document, or who has been provided with the ESI, document or the information therein by the designating party pursuant to paragraph 7 herein;

e. Confidential Information shall be used solely for the purposes of this litigation and shall not be used for any business, commercial, competitive or personal use, or other proposed or pending litigation. However, nothing in this Consent Protective Order is intended to prevent or restrict any party or non-party from using or disclosing its own Confidential Information in any manner or for any purpose. Nor shall this Consent Protective Order restrict the use or disclosure by a party or non-party of materials obtained in good faith and independently of discovery in this action or obtained or obtainable from another source or already in the possession or knowledge of a party or non-party, who is not obligated to maintain such ESI or documents in confidence.

f. All ESI, documents and/or tangible things comprising or containing Confidential Information, and all transcripts of testimony or exhibits thereto and copies of Court-filed papers containing Confidential Information, other than those on file with the Court, shall be kept only in the possession of the counsel of record in this litigation, or with their consultants or experts, or organizations/individuals retained to provide litigation support services and as part of the scope of their activity in this litigation.

g. The terms of this Consent Protective Order shall not prejudice the right of any party to introduce at trial information designated as "CONFIDENTIAL" pursuant to this Consent Protective Order.

4. **SUBSEQUENT DESIGNATION OF MATERIAL**: A producing party or non-party may designate under Paragraphs 1 through 3 hereof any material that it previously produced, but did not, through inadvertence or error, previously designate as Confidential Information during the production or during deposition testimony. Such designation should be made as promptly after the discovery or inadvertent production as possible. However, such subsequent designation shall be effective only as of the date it is received. The absence of any notice of confidentiality on any materials disclosed shall not constitute waiver or give rise to an inference that the information disclosed is not Confidential Information. The subsequently designating party or non-party shall notify each other party in writing specifically identifying the ESI, documents and/or things by production number or otherwise, and that the identified ESI, documents and/or things should be designated as "CONFIDENTIAL." Upon receipt of such written notice, receiving counsel shall:

   a. immediately take reasonable steps to retrieve any subsequently designated material in the possession of any person not identified as a "Qualified Person" under Paragraph 7 hereof and notify any person known to have possession of the material of the effect of such designation;

   b. if not objecting to the subsequent designation, affix the appropriate legend on the newly designated material in accordance with Paragraphs 3 and 4 hereof;

   c. if objecting to the subsequent designation, counsel shall treat the materials at issue as designated "CONFIDENTIAL" pending resolution of the objection. Any objections shall be in accordance with Paragraph 6 hereof;

    d. the producing party or non-party, if requested by the receiving counsel, will provide (at its own cost) a substitute copy of the materials being subsequently designated that are stamped, printed or affixed "CONFIDENTIAL."

If the materials are subsequently designated in accordance with the terms of this Consent Protective Order, failure to originally designate those materials as Confidential Information shall not necessarily be deemed a waiver of any claims of confidentiality.

5. **PRIVILEGED MATERIAL**: In the event that any privileged materials are inadvertently produced, such production shall not be deemed a waiver of the attorney-client privilege, work-product doctrine, joint defense privilege, common interest doctrine and/or other applicable privilege or immunity. Upon notification of such inadvertent disclosure, the receiving party shall immediately make every effort to prevent further disclosure of the materials, collect and return any copies of the privileged materials and inform any person(s) having received or reviewed such materials as to the privileged nature of the materials. Within five (5) business days of the notification of such inadvertent disclosure, the disclosing party shall produce a privilege log with respect to the inadvertent disclosure. The receiving party may move the Court for an Order compelling the inadvertent disclosure information after informal efforts to resolve the dispute have failed. Such a motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the inadvertent disclosure information.

6. **OBJECTIONS**: A party may move the Court for an order that material designated as "CONFIDENTIAL" or privileged information is not, in fact, confidential or privileged. On such a motion, the party asserting confidentiality or privilege shall have the burden of

proving that: (a) the information designated "CONFIDENTIAL" contains trade secrets or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G), or otherwise consists of other information the disclosure of which would cause annoyance, embarrassment, or oppression to the disclosing individual or entity under Fed. R. Civ. P. 26(c)(1); or (b) the privilege falls within the attorney-client privilege, work product doctrine, joint defense privilege, common interest doctrine and/or any other applicable privilege or immunity. Before such a motion is brought, the parties will employ their best efforts to resolve their differences informally. No party shall be obligated to challenge a "CONFIDENTIAL" or privileged designation, and failure to do so shall not preclude a subsequent challenge to such a designation. Designations, challenges to designations, and failures to challenge designations made pursuant to this Consent Protective Order are not an admission or waiver of any party with respect to the competency, relevance, or materiality of any such information, and are not admissible in evidence on the trial of any issue in this case, including the issue of whether the information is in fact confidential or privileged.

7. **QUALIFIED PERSONS**: Materials designated as Confidential Information may be disclosed, displayed or otherwise made available by the party or non-party receiving such information only to:

    a. the Court;

    b. counsel of record to the parties to this action, and the members and employees of the law firms of counsel of record, and organizations/individuals retained by counsel to provide litigation support services in this action and the employees of those organizations. Each organization/individual retained by counsel to

{00691575.DOC}

provide litigation support services must execute the certification set forth as Exhibit A hereto;

c. court reporters or stenographers whose services are used in connection with this action, and other persons working for such reporters or stenographers;

d. directors, officers and employees of each party, and individuals named as parties, who must see such documents to assist in the prosecution or defense of that party's claims in the lawsuit;

e. persons being deposed as part of this litigation including, but not limited to, those who are former employees, officers or directors of the party that produced the Confidential Information, who is not involved in litigation with the party, provided that the document was addressed to, reviewed or received by the deponent prior to deponent's departure from the party;

f. any witness, although only to the extent relevant to his or her potential testimony in this action;

g. consultants or experts retained by the parties in connection with this litigation, and the employees of such experts or consultants who are assisting them in this action. Each consultant or expert must execute the certification set forth as Exhibit B hereto;

h. such other persons who the parties may designate by written agreement or by Court Order, permitting additional disclosure. Any such other person must execute the certification set forth as Exhibit A hereto; and

Should any Confidential Information be inadvertently disclosed to any person or party not otherwise a "Qualified Person" as designated herein, then the producing party shall promptly

inform the non-qualified receiver of such inadvertent disclosure and exercise all reasonable efforts to retrieve any Confidential Information so disclosed.

8. **SUBPOENAS**: If a party holding another party's Confidential Information is subpoenaed by any other court, administrative or legislative body, or other person with authority to issue subpoenas (the "Receiving Party"), the Receiving Party must provide notice of the subpoena to the original producing party's counsel within 24 hours via e-mail. To the extent permitted by applicable law, the Receiving Party shall not produce any of the original producing party's Confidential Information for a period of at least fourteen days after providing the required notice as set forth herein. If, within fourteen days of receiving such notice, the original producing party provides written notice to the Receiving Party that it opposes production of its Confidential Information, the Receiving Party shall not thereafter produce such Confidential Information except pursuant to a Court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The original producing party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to the Third-Party requesting production of Confidential Information. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any such order requiring production of Confidential Information covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.

9. **NON-PARTIES / THIRD PARTIES**: This Consent Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise in this action, unless the non-party waives the protection of this Consent

Protective Order. Any ESI, documents, things, discovery responses, or depositions or portions thereof designated to be "CONFIDENTIAL" shall be so designated by the non-party, Plaintiffs, or Defendants by stamping the designated materials with the legend "CONFIDENTIAL," or if necessary, by separate written statement, or as set forth in Paragraph 3 of this Consent Protective Order. This Consent Protective Order shall also apply to non-parties who are afforded access to documents or materials produced during discovery in this action, whether by deposition, production of documents or otherwise, as provided in paragraph 7 herein.

10. **POST-LITIGATION**: The provisions of this Order shall survive the termination of this litigation. Upon termination of this action, whether by judgment, settlement or otherwise, all persons to whom Confidential Information have been disclosed pursuant to this Order (other than the Court) shall within thirty (30) days thereof, either: (a) assemble and return such material to counsel for the appropriate party, or (b) certify in writing to counsel for the appropriate party that all Confidential Information has been destroyed. This Court shall retain jurisdiction over the parties and recipients of any Confidential Information for enforcement of the provisions of this Consent Protective Order following termination of this litigation.

11. **AMENDMENTS:** This Consent Protective Order may not be modified or amended without written consent of all parties hereto and order of the Court.

12. **SIGNATURES**: The signatures of counsel on this Consent Protective Order may be reflected through facsimile or electronic counterparts. An original signature will be provided if requested by the Court or a party. This Consent Protective Order is binding on the parties immediately upon execution.

We hereby agree to the form and entry of this Consent Protective Order:

| | |
|---|---|
| *On behalf of Plaintiffs:* | *On behalf of Defendant CHARTIS SPECIALTY INSURANCE COMPANY f/k/a American International Specialty Lines Insurance Company:* |
| Dated: March 15, 2012 | Dated: March 15, 2012 |
| */s/ Albert J. Lucas (per consent)* | */s/ Steven G. Janik (per consent)* |
| **Albert J. Lucas (000676)**<br>CALFEE, HALTER & GRISWOLD LLP<br>1100 Fifth Third Center<br>21 East State Street<br>Columbus, OH 43215<br>614-621-7002<br>Fax: 614-621-0010<br>Email: alucas@calfee.com | **Steven G. Janik (0021934)**<br>**Crystal L. Maluchnik (0077875)**<br>JANIK L.L.P.<br>9200 South Hills Boulevard, Suite 300<br>Cleveland, Ohio 44147-3521<br>(440) 838-7600 • Fax (440) 838-7601<br>Email: Steven.Janik@Janiklaw.com<br>Crystal.Maluchnik@Janiklaw.com |
| **Michael Brittain (0010867)**<br>CALFEE, HALTER & GRISWOLD<br>1400 McDonald Investment Center<br>800 Superior Avenue<br>Suite 1800<br>Cleveland, OH 44114-2688<br>216-622-8200<br>Fax: 216-622-8508<br>Email: mbrittain@calfee.com | *OF COUNSEL:*<br><br>**Michael H. Cohen** (*pro hac vice)*<br>**Melissa A. Natale** (*pro hac vice*)<br>SAIBER, LLC<br>18 Columbia Turnpike, Suite 200<br>Florham Park, New Jersey 07932-2266<br>(973) 622-3333 • Fax (973) 622-3349<br>Email:   Mcohen@saiber.com<br>            Mnatale@saiber.com |
| *OF COUNSEL:*<br><br>**Randy Paar**  *(pro hac vice)*<br>**Brian Condon** *(pro hac vice)*<br>**Tamara Bruno**  *(pro hac vice)*<br>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>1633 Broadway<br>New York, NY 10019<br>212-506-3324, 212-506-1950, 212-506-3309<br>Fax: 212-500-1800<br>Email: rpaar@kasowitz.com<br>            bcondon@kasowitz.com<br>            tbruno@kasowitz.com | |

| *On behalf of Defendant* | *On behalf of Defendant* |
|---|---|
| *WILLIS NORTH AMERICA INC.* | *AON RISK SERVICES NORTHEAST, INC.* |

Dated:  March 15, 2012                    Dated:  March 15, 2012

*/s/ Clare R. Taft*                          */s/ James E. Arnold (per consent)*

**David W. Mellott  (0019485)**            **James E. Arnold  (0037712)**
**Clare R. Taft  (0076570)**               **Matthew J. Burkhart  (0068299)**
BENESCH FRIEDLANDER COPLAN &               JAMES E. ARNOLD & ASSOCIATES, LPA
ARONOFF LLP                                115 West Main Street, Suite 400
200 Public Square, Suite 2300              Columbus, OH 43215
Cleveland, OH 44114-2378                   614-460-1637
216-363-4500                               Fax: 614-469-1129
Fax: 216-363-4588                          Email: jarnold@arnlaw.com
Email: dmellott@beneschlaw.com                      mburkhart@arnlaw.com
            ctaft@beneschlaw.com

*OF COUNSEL:*                              *OF COUNSEL:*

**Edward J. Baines** *(pro hac vice)*      **Timothy J.P. Rooney**  *(pro hac vice)*
**Jason M. St. John** *(pro hac vice)*     **Norman K. Beck**  *(pro hac vice)*
SAUL EWING LLP                             **Linda T. Corberly**  *(pro hac vice)*
Lockwood Place                             **Kevin P. McCormic**k  *(pro hac vice)*
500 East Pratt Street, Suite 900           WINSTON & STRAWN LLP
Baltimore, Maryland 21202-3171             35 West Wacker Drive
410-332-8954                               Chicago, Illinois 60601-9703
Fax: 410.332.8953                          312-558-7422
Email: ebaines@saul.com                    Fax: 312-558-5700
            jstjohn@saul.com               Email:  trooney@winston.com
                                                       nbeck@winston.com
                                                       lcorberly@winston.com
                                                       kmccormick@winston.com


IT IS SO ORDERED this _____ day of _____, 2012


_____
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge