IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Momentive Specialty Chemicals, Inc., et al.,

      Plaintiffs,

  v.

Chartis Specialty Insurance Company, et al.,

      Defendants.

Case No. 2:11-cv-583

Judge Graham

Magistrate Judge Deavers

OPINION AND ORDER

This matter is before the court on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed by defendant Willis North America Inc. (Willis). Plaintiffs Momentive Specialty Chemicals, Inc. (Momentive) and Momentive Quimica de Brasil Ltda (Momentive Brazil) bring this action against two insurance brokers, Willis and Aon Risk Services Northeast, Inc. (Aon), and an insurance company (Chartis Specialty Insurance Co.). The dispute concerns insurance coverage following the explosion of a tanker ship containing methanol, one-third of which had been ordered by Momentive Brazil. Plaintiff's amended complaint asserts eight counts: Three counts for declaratory relief, one against each defendant (counts 1, 3, and 6); three counts for breach of contract (counts 2, 4, and 7); and counts for negligence against Willis and Aon (counts 5 and 8). See doc. 70 at 20-28. Willis seeks dismissal of plaintiffs' third and fifth counts for declaratory relief and negligence. Doc. 72.

I.    **Factual Background**

On November 15, 2004, a Chilean tanker ship, Vicuña, carrying 15,000 tons of methanol exploded in Paranaguá Bay, Brazil. Doc. 70 at 9. An estimated 291,000 liters of fuel oil spilled into the bay. Doc. 70 at 9. Momentive has since faced claims for damages from fishermen, who allege

1

that their livelihood has been affected by the spill, and claims from an environmental group alleging that the spill damaged wildlife in the bay. Doc. 70 at 9-12. In addition, a Brazilian environmental agency, the Environmental Institute of Parana, has imposed fines on Momentive. Doc. 70 at 12-13.

According to plaintiffs, Momentive entered into two insurance brokerage agreements prior to the accident. In May of 2000, Momentive contracted with Willis as its worldwide insurance broker. Doc. 70 at 4-5. In August, 2004, "Aon was appointed as Momentive's 'exclusive insurance representative and consultant/broker (both internal and domestic)' except with respect to policies effective July 1, 2004, which had been placed by Willis." Doc. 70 at 6. Plaintiffs allege that a December 15, 2000 agreement obligated Willis to, *inter alia*, "[a]ssist and consult . . . on all matters of risk management and insurance" and "[a]ssume immediate responsibility for handling claim and coverage issues with all existing and prior insurance companies." Doc. 70 at 4. Plaintiffs allege that the agreement also indemnified Momentive agaisnt any claim, liability, or loss arising out of services performed under the agreement. Doc. 70 at 5. Plaintiffs allege that the agreement between Momentive and Willis was in effect at the time of the accident "with respect to all of Plaintiff's policies in effect from July 1, 2004 to July 1, 2005, which were placed by Willis." Doc. 70 at 5.

On November 16, 2004, the day following the accident, a Momentive Brazil manager notified a Willis representative in Brazil of the explosion. That same day, Adair Dinarte da Rocha, another Willis representative, replied by email that "We are providing notice to the Insurance Co. Ask to keep informed about the subject." Doc. 70 at 14. In the following months, representatives of the two companies continued to communicate. In August 2005, Richard Shock, Momentive's Director of Risk Managment, e-mailed Janice Hackett, a Willis representative: "Per your discussion yesterday, please get as much back ground [sic] as possible regarding this insurance matter. What

2

coverages responded and the amounts of payments." Doc. 70 at 14. According to plaintiffs, Willis never followed through on Dinarte da Rocha's representation that "[w]e are providing notice to the Insurance Co." or its contractual duty to handle claim and coverage issues. Doc. 70 at 15. Momentive alleges that it relied on Dinarte da Rocha's representation, and that the insurance company subsequently denied coverage for the accident on the grounds of late notice. Doc. 70 at 15, 16.

## II.     Legal Standard

A motion for judgment on the pleadings pursuant to Rule 12(c) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998) ("The standard of review applicable to motions for 'judgment on the pleadings' under Fed. R. Civ. Pro. 12(c) is the same *de novo* standard applicable to motions to dismiss under Rule 12(b)(6)."). All well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A motion for judgment on the pleadings is directed solely to the complaint and any exhibits attached to it. Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion for judgment on the pleadings. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(c) if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). The court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v.

Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

**III.     Analysis**

In a prior order, the Court dismissed two of three causes of action brought against defendant Aon. Doc. 56. The Court dismissed plaintiff's claims for negligence and declaratory judgment against Aon. Regarding negligence, the Court held that "[b]ecause Momentive's claims against Aon are purely economic ones, the economic loss doctrine bars the negligence claim against Aon." Doc. 56 at 8. The Court further considered whether plaintiffs had stated a claim for negligent misrepresentation and held that plaintiffs had not. The complaint did not allege a false representation by Aon or that plaintiffs had relied on such a representation. Doc. 56 at 10. Regarding declaratory judgment, the Court held that plaintiffs "seek[] little more than a declaration as to the obligations required pursuant to either the contract between the parties or the alleged special relationship between them. . . . This is not a sufficiently active controversy for which the court should exercise its declaratory judgment powers." Doc. 56 at 11.

Willis seeks dismissal of plaintiffs negligence and declaratory judgment counts for the same reasons that the Court dismissed similar counts against Aon. Doc. 72. However, since the Court's order dismissing two of the three Counts against Aon, plaintiffs have amended their complaint and it is the amended complaint that must be examined in consideration the present motion. See doc. 70.

Negligence

Willis argues that plaintiffs' negligence claim must be dismissed for the same reasons that the Court dismissed the negligence claim against Aon–because plaintiff alleges only economic losses and the economic loss doctrine prevents a negligence suit premised on economic damages alone.

See doc. 56 at 7.  Plaintiffs do not argue to the contrary.  They have only alleged economic losses and so may not sustain a negligence claim against defendant Willis.  See Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc., 835 N.E.2d 701, 704 (Ohio 2005).

Plaintiffs do, however, argue that the negligence count should be construed as one for negligent misrepresentation.  In Ohio, "[t]he elements of negligent misrepresentation are as follows: 'One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Delman v. City of Cleveland Heights, 534 N.E.2d 835, 838 (Ohio 1989) (quoting the Restatement (Second) of Torts § 552(1), at 126-27 (1965)).  Plaintiffs' allegations satisfy these elements.  Plaintiffs allege that Adair Dinarte da Rocha told Momentive by email that "We are providing notice to the Insurance Co."  Doc. 70 at 14.  Plaintiffs allege that this statement was false and that Willis never provided notice to the insurance company.  Doc. 70 at 15.  Plaintiffs allege that they relied on Dinarte da Rocha's statement and did not notify the insurance company, and that coverage was subsequently denied for lack of notice.  Doc. 70 at 16.

Though the amended complaint includes allegations that state a claim for negligent misrepresentation, Willis argues that plaintiffs may not state such a claim because their complaint does not explicitly include a count labeled "negligent misrepresentation."  True, most of the relevant allegations appear to be related to the section labeled "FIFTH CAUSE OF ACTION (Negligence against Willis)."  Yet, the labeling of plaintiffs' fifth cause of action as "negligence" does not preclude the complaint from stating a claim for negligent misrepresentation.  It would have been

prudent practice for plaintiffs, had they wished to assert a claim for negligent misrepresentation, to clearly identify allegations that support such a claim. But a notice pleading system does not require the recitation of linguistic formulae. Instead, plaintiffs need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, allegations that state a claim for negligent misrepresentation are clearly included in plaintiffs' complaint. That the relevant allegations do not appear in a formal count labeled "negligent misrepresentation" does not change the fact that plaintiffs have stated such a claim.

Declaratory Judgment

Willis argues that plaintiffs' declaratory relief claim should be dismissed for the same reasons that the Court dismissed a similar claim against Aon–because plaintiffs seek "little more than a declaration as to the obligations required pursuant to either the contract between the parties or the alleged special relationship between them." Doc. 56 at 11. Indeed, plaintiffs' third count seeks simply a declaration of "the parties' rights, duties and obligations." Doc. 70 at 22. But the only rights, duties and obligations that plaintiffs identify as in need of clarification are those that are necessary to their other counts against Willis–for negligent misrepresentation and breach of contract. Plaintiffs assert that the court should declare that defendant Willis had a contractual relationship with plaintiffs and was responsible for procuring and administering plaintiffs' insurance policies. Doc. 76 at 4. Yet, plaintiffs identify no controversy related to these issues other than the controversies

inherent in plaintiffs' other claims. Resolution of plaintiffs' negligent misrepresentation and breach of contract claims would resolve the very issues for which plaintiffs seek a declaration. In such a situation, there is no controversy sufficiently active and immediate to justify a declaratory judgment. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) ("Basically, the question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

## IV. Conclusion

For the foregoing reasons, defendant Willis's motion for judgment on the pleadings (Doc. 72) is DENIED with respect to plaintiffs' claim for negligent misrepresentation and GRANTED with respect to plaintiffs' claim for declaratory judgment.

IT IS SO ORDERED.

                                                  S/ James L  Graham  
                                                  James L. Graham  
                                                  UNITED STATES DISTRICT JUDGE

Date: December 18, 2012